IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00278-FDW

| | |
|---|---|
| JUSAMUEL RODRIGUEZ MCCREARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on consideration of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the alternative claims for relief pursuant to 28 U.S.C. § 1651, that Petitioner filed in an effort to challenge his sentence. For the reasons that follow, Petitioner's § 2241 petition and his alternative claims for relief will be denied.

On December 7, 2007, Petitioner was sentenced to a term of 151-months' imprisonment following his conviction on one count of robbery by force and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2; and a consecutive term of 120-months' imprisonment following his conviction for the use and carry of a firearm during and in relation to a crime and violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2. (3:06-cr-00190-RJC, Doc. No. 65: Judgment).

Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were not meritorious issues for appeal; however

1

counsel questioned whether Petitioner was properly designated as a career offender.[1] The Circuit Court rejected Petitioner's challenge to his career offender designation and affirmed his judgment.

In May 2012, Petitioner filed a *pro se* motion to vacate his convictions and sentence; the Court dismissed the motion as untimely pursuant to 28 U.S.C. § 2255(f), and he did not appeal. McCreary v. United States, 3:12-cv-00307-RJC (W.D.N.C. July 3, 2012.

On November 7, 2012, Petitioner filed a second § 2255 motion to vacate this time contending that his prior North Carolina convictions could not support his designation as a career offender based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2] The Court dismissed the § 2255 motion after finding that Petitioner had failed to secure authorization from the Fourth Circuit to file a successive motion. McCreary v. United States, 3:12-cv-00742-RJC (W.D.N.C. Mar. 7,

---

[1] A defendant qualifies as career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2007).

[2] In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

2013) (citing 28 U.S.C. § 2255(h)).

In the present case, Petitioner again challenges his designation as a career offender. A petitioner may proceed under § 2241 in an effort to challenge his conviction or sentence, but only if the petitioner can demonstrate that the remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, at 333-34.

Petitioner's claim fails because he cannot show that § 2255 is inadequate to challenge his sentence and the validity of his convictions is not in dispute. Further, even assuming *arugendo* that Petitioner's prior North Carolina convictions do not support his designation as a career offender, the Fourth Circuit has held that a "misapplication of the sentencing guidelines does not amount to a miscarriage of justice." United States v. Foote, 784 F.3d 931, 939 (4th Cir.), cert. denied, 135 S. Ct. 2850 (June 15, 2015) (internal citations omitted). In Petitioner's case, he faced a statutory term of up to 30 years in prison, and he was sentenced to the low end of his Guidelines range (271 months);

3

therefore he cannot demonstrate a miscarriage of justice as he was sentenced far below his statutory maximum. (3:06-cr-00190, Doc. No. 64: Presentence Report ¶¶ 64-65).

Petitioner also seeks relief through petitions for a writ of error *coram nobis* or a writ of *audita querela*. C*oram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable. Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner's claim does not fall within such a gap.

Finally, as the Government notes, Petitioner waived his right to collaterally attack his conviction or sentence on any grounds except for claims of prosecutorial misconduct or ineffective assistance of counsel; however none of those grounds are raised in this case. See United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Based on the foregoing, the Court finds that Petitioner is not entitled to collateral relief and this case will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's alternative claims relief under 28 U.S.C. § 1651 are **DENIED**.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: April 11, 2016

Frank D. Whitney
Chief United States District Judge